[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12858
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20433-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN DORICENT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 20, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Alain Doricent, proceeding pro se, appeals the district court's denial of his motion for reconsideration of the denial of his motion to reduce his sentence.

I.

In September 2014 Doricent pleaded guilty to conspiracy to possess with the intent to distribute 5 or more kilograms of cocaine.  His presentence investigation report set his base offense level at 30.  After three levels were subtracted for acceptance of responsibility his offense level was 27.  At sentencing the district court found Doricent eligible for safety valve relief, reducing his offense level to 25 and allowing him to be sentenced below the statutory minimum of 10 years.  The resulting advisory guideline range was 57 to 71 months imprisonment.  On December 9, 2014, the court sentenced Doricent to 60 months imprisonment.

In 2015 this Court affirmed Doricent's sentence on direct appeal, rejecting his argument that the district court improperly restricted his right to allocution by curtailing his counsel's remarks.  In June 2016 Doricent filed a motion under 18 U.S.C. § 3582 to reduce his sentence based on the retroactive application of Amendment 782 to the sentencing guidelines.  That amendment reduced the base offense level of drug offenses involving at least 5 but less than 15 kilograms of cocaine by 2 levels and became effective on November 1, 2014 — more than a month before Doricent was sentenced.  In September 2016 the district court denied Doricent's motion.  In a paperless order it wrote:  "The Defendant's sentencing

2

guidelines were based on Amendment 782.  Therefore, the Defendant has already received the benefit he is now seeking.  No further reduction is warranted."

In June 2017 Doricent filed a second § 3582 motion asserting nearly identical claims.  On February 7, 2018, the district court entered a paperless order denying Doricent's second motion.  On February 27, 2018, Doricent filed a motion for reconsideration.  In June 2018 the district court denied Doricent's motion for reconsideration in another paperless order.  This is Doricent's appeal.

## II.

Doricent contends that the district court erred in denying his motion for reconsideration because Amendment 782 entitles him to a 2-level reduction in his offense level.  He also contends that the court did not provide sufficient explanation in its paperless order rejecting his motion for reconsideration.[1]

We generally review the denial of a motion for reconsideration only for abuse of discretion.  United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir.

---

[1] Doricent also argues that the district court did not have jurisdiction "to accept a guilty plea for a non-offense" because "no drugs were seized in this case."  This issue is not properly before us because Doricent has raised it for the first time on appeal.  See Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("[I]f a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it.") (quotation marks omitted).  And even if he had presented this argument to the district court, the sole purpose of a § 3582(c)(2) motion is to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered."  18 U.S.C. § 3582(c)(2).  So we will only consider Doricent's claims that his sentence should be reduced because of Amendment 782.

2018). But we review de novo "the district court's determination that a defendant is not eligible for a sentence reduction." Id.

A district court may reduce an imprisonment term if a defendant's sentence is based on a sentencing range that is later reduced as a result of guidelines revisions. See 18 U.S.C. § 3582(c)(2). Amendment 782 reduced the base offense level of drug offenses involving at least 5 but less than 15 kilograms of cocaine from 32 to 30. See FCJ Federal Sentencing Guidelines Manual Amendment 782 (11/1/18). The effective date for Amendment 782 was November 1, 2014. Id.

The district court did not err in denying Doricent's motion for reconsideration because the court was correct that he had "already received the benefit he is now seeking." Doricent contends that the district court should have reduced his offense level by 2 because of Amendment 782. But that is what the district court did. The court sentenced him on December 9, 2014 — more than a month after the amendment became effective on November 1, 2014, which is why his base offense level was 30 instead of 32.

We also reject Doricent's contention that the district court did not provide a sufficient explanation to furnish us with an adequate record for review. Doricent points out that the district court did not explain why it denied his second § 3582 motion and his motion for reconsideration. But those motions sought the same relief as his first § 3582 motion, for which the district court did give an

4

explanation.  Although concise that explanation is enough to allow us to conclude

that the court was correct in determining that Doricent had already received the

2-level reduction he is seeking.  See United States v. Johnson, 877 F.3d 993, 997

(11th Cir. 2017) ("[T]here must be enough, in the record or the court's order, to

allow for meaningful appellate review of [a district court's § 3582(c)(2)]

decision.").  So we **AFFIRM** the district court's decision to deny Doricent's

motion for reconsideration.[2]

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[2] In addition to appealing the district court's order denying his motion for reconsideration, Doricent also appears to appeal the order denying his second § 3582 motion. That appeal is time barred because he did not file a notice of appeal within 14 days after the challenged order was entered.  See Fed. R. App. P. 4(b)(1)(A).  And while a motion for reconsideration of an appealable criminal order tolls the time for filing a notice of appeal if the motion is filed within the appeal period, United States v. Vicaria, 963 F.2d 1412, 1414–15 (11th Cir. 1992), Doricent filed his motion for reconsideration more than 14 days after the challenged order was entered on the docket.  While Rule 4(b) is not jurisdictional "[b]ecause the government has not forfeited its objection to [Doricent]'s untimely notice of appeal, we must apply the time limits of Rule 4(b)." United States v. Lopez, 562 F.3d 1309, 1314 (11th Cir. 2009).  And even if Rule 4(b) were not an obstacle, Doricent's challenge to the denial of his second § 3582 motion would fail for the same reason that his motion for reconsideration failed:  he was sentenced under Amendment 782's reduced base offense levels in the first place.  So Doricent's appeal of the district court's denial of his second § 3582 motion is DISMISSED.